UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LJUBO SKRBIC,

  Plaintiff,

  v.

CITY OF WEST PALM BEACH,

  Defendant.

Case No. C23-934RSM

ORDER OF DISMISSAL

  This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Ljubo Skrbic, a resident of Palm Beach, Florida, brings this action against the "Code Inforcement [sic] Department" of the City of West Palm Beach, Florida. Dkt. #6 at 2. Plaintiff's form Complaint has a section for "basis for jurisdiction" indicating that he is bringing a § 1983 claim. *Id*. at 4. While the Complaint is unclear, it appears that Plaintiff seeks $100,000 and dismissal of a code violation fee. The underlying dispute has something to do with the City imposing a code violation against Plaintiff for evicting a tenant from Plaintiff's rental property. An earlier court proceeding determined that "[t]his is Landlord tenant case." *Id*. at 6. Plaintiff appears to be attempting to challenge the rulings of a Florida state court proceeding.

  On July 12, 2023, the Court issued an Order to Show Cause asking Plaintiff to explain why this case should not be dismissed for improper venue under 28 U.S.C. § 1406(a). Dkt. #7. The Court instructed that "[a]ttachments or amended pleadings are not permitted." *Id*. A response from Plaintiff was received on August 16, 2023, with 54 pages of exhibits. Dkt. #8.

  Pursuant to 28 U.S.C. § 1391(b), civil actions in federal court may be brought, with limited exceptions, only in the judicial district where defendants reside or in a district in which

ORDER OF DISMISSAL - 1

a substantial part of the events giving rise to the claim(s) occurred. When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court has reviewed Plaintiff's Response to the Order to Show Cause. Plaintiff indicates that his "claim is higher than $75,000" therefore "it is permissible for filling [sic] lawsuit in United States District court." Dkt. #8 at 1. This is only half true (Plaintiff appears to be referring to diversity jurisdiction, which does not apply in this case where the parties are all from Florida) and does not address the issue of venue. At no point in the Response does Plaintiff explain why he filed in the Western District of Washington, thousands of miles away from him, the Defendant, and the location of his property. He does not discuss personal jurisdiction or any legal basis for filing the case here, instead he repeats the facts of his claims.

The Court concludes that the U.S. District Court for the Western District of Washington is not a proper venue for these claims and the Court is empowered to dismiss this case for improper venue under 28 U.S.C. § 1406(a). Given the nature of Plaintiff's claims, his inability to articulate why this case is in federal court, and the apparent previous state court proceedings, the Court finds that dismissal rather than transfer of venue is appropriate.

Accordingly, the Court hereby finds and ORDERS that these claims are DISMISSED without prejudice. This case is CLOSED.

DATED this 17th day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 2